Weathers and others *vs.* Doster.

---

No. 30.—DANIEL WEATHERS and others, plaintiffs in error, *vs.* JAMES DOSTER, defendant.

[1.] The bill of exceptions must *specify* the errors complained of, and the decision excepted to.

In this cause issue was joined, with a protestation that the bill of exceptions did not specify any decision of the Court below, complained of or excepted to.

The issue in the Court below, was upon a claim to land, and the question was a fraud upon creditors of the grantor of the defendant in *fi. fa.* in the sale to him. The bill of exceptions, after giving a history of the case, stated the request of claimant's counsel to the Court to charge the Jury on the question of the privity of the defendant in *fi. fa.* to the fraud, in a particular manner. The Court declined so to charge, but gave in charge to the Jury the law as considered by the Court : "And forasmuch as the matters aforesaid do not appear of record in said cause, the said claimants have prayed his Honor to sign this bill of exceptions," &c.

B. HILL and WORRELL, for the motion.

H. L. BENNING and L. B. SMITH, *contra.*

PER CURIAM.

[1.] The law organizing this Court, requires that the bill of exceptions shall " *specify* the error, or errors, complained of in any decision or judgment," and the Rule XXXIII. of this Court, adopted with a view to carry into effect this provision of the law,

requires that the bill of exceptions should "*distinctly specify* the points of error in the judgment of the Court below, upon which the plaintiff in error expects to rely on the hearing." We do not think this bill of exceptions complies with the law or the rule. There is no decision excepted to or complained of in the body of the bill, and the concluding sentence, "this *bill of exceptions*," will apply as well to one decision as another. Justice to the Court below, and to ourselves, requires that the decision excepted to, and the errors complained of, should be *distinctly specified* in the bill of exceptions, so that nothing should be left to surmise or conjecture in this Court.

In *Wolverton vs. Hart & Co.* (7 *Sergt. & Rawle,* 277,) *Justice Gibson,* after some very pertinent remarks, says: "For reasons like these, I regret a practice too frequent in the Common Pleas, of stating the exception generally, without specifying the grounds on which it is urged. In such a case, as we cannot judicially know the precise point the Court was called on to decide, we are obliged to let in any objection that can be raised on the face of the record; and hence I have frequently been obliged to consent to reverse on points that I had every reason to believe were never made below. No Judge ought, in justice to his own reputation as a lawyer, or to the rights of suitors, to allow any bill of exceptions which does not contain the very point decided and nothing else."

Let the writ be dismissed.